## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **No. 08 CR 851** |
| **v.** | |
| **WILLIAM A. WHITE** | **Hon. Lynn Adelman** |
| | **(E.D. Wis.)** |

### GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION FOR REDUCTION OF SENTENCE UNDER 18 U.S.C. § 3582(c)(1)(A)(i)

The UNITED STATES OF AMERICA, by its attorney, JOHN R. LAUSCH, JR., United States Attorney for the Northern District of Illinois, responds to defendant White's motion for reduction of sentence under Title 18, United States Code, Section 3582(c)(1)(A)(i). For the reasons set forth below, the government respectfully submits that defendant's motion should be denied.

**I.      There Is No Jurisdiction To Consider White's Motion Because His Sentence In This Case Ended In January 2018**

On October 17, 2008, defendant White was arrested and detained in Virginia on the charges in this case. Dkt. 1, 2, 3, 4, 13. He was indicted on October 21, 2008, transported to this district by the United States Marshals, and arraigned on November 12, 2008. Dkt. 5, 8, 16. White was held without bond until July 24, 2009 when this Court ordered his release after dismissing the superseding indictment against him. Dkt. 101, 102, 108, 109. During that period, he therefore accumulated approximately 9 months and 3 days jail time credit toward the sentence ultimately imposed in this case.

On July 30, 2009, the government appealed this Court's dismissal of the superseding indictment. Dkt. 111. A year later, on August 16, 2010, the Seventh Circuit Court of Appeals reversed and remanded the matter for trial. Dkt. 119, 121. On January 3, 2011, White's jury trial began, and he was convicted two days later. Dkt. 144, 147. On January 11, 2011, this Court ordered White detained pursuant to 18 U.S.C. 3143(a)(1). Dkt. 149. On April 19, 2011, this Court granted his post-trial motion for judgment of acquittal and conditionally denied his motion for a new trial. Dkt. 168, 169, 170, 171. That same day, this Court ordered White released in this case, denied the government's request for a stay, and exonerated White's bond. Dkt. 172, 176, 177. White therefore accumulated another 98 days jail time credit in this case, or approximately 3.2 months, between January 11 and April 19, 2011. This brought his total jail time credit in this case to approximately 12.3 months at that time.

On May 18, 2011, the government appealed this Court's judgment of acquittal. Dkt. 179. On December 12, 2012, the Seventh Circuit reversed the judgment of acquittal and reinstated White's conviction. Dkt. 200. On February 20, 2013, this Court sentenced White to 42 months' incarceration in the Bureau of Prisons, to be followed by 36 months' supervised release. Dkt. 210. White was entitled to 15% statutory good time credit on that 42 month sentence, meaning that he would actually do 35.7 months in prison. Given that he had already served approximately 12.3 months before being sentenced, his remaining term of incarceration was approximately 23.4 months from February 20, 2013. White's incarceration on this

2

case therefore ended on approximately January 10, 2015, to be followed by 36 months' supervised release, or approximately January 10, 2018.

Following his sentencing in this case, White was convicted of extortion and threats in the Western District of Virginia in case no. 13 CR 13. *See* Exhibit 1 at 2. On May 1, 2014, he was sentenced to 92 months' incarceration in that case, to be served consecutively to the sentence in this case. *Id*. Months later, White also was convicted in the Middle District of Florida of extortion and threats in case no. 13 CR 304, and on November 21, 2014 was sentenced to 210 months' incarceration in that case, to be served consecutively to the Virginia sentence. *Id*. at 3. Those two sentences are why he is still incarcerated, with a current projected statutory release date of September 22, 2037. *Id*. at 4.

As White's sentence in this case, including the period of his supervised release, concluded nearly two years ago, this Court therefore no longer has jurisdiction over this matter. White's motion must be denied.

## II.    The First Step Act

Under the First Step Act of 2018, Pub. L. No. 115-391, § 404, 132 Stat. 5194, 5220 (2018) (the "First Step Act"), a defendant may seek compassionate release from the court after exhausting administrative remedies. On October 4, 2019, White filed a motion to reduce his term of imprisonment pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). Dkt. 220. That provision allows a sentence of imprisonment to be modified upon the motion of the Director of the Bureau of Prisons in certain very limited circumstances:

(c) Modification of an Imposed Term of Imprisonment.—The court may not modify a term of imprisonment once it has been imposed except that—

    (1) in any case—

        (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—

            (i) extraordinary and compelling reasons warrant such a reduction; . . .

On October 28, 2019, the Acting Warden of Marion USP denied White's request

for compassionate release and advised him that he had a right to appeal the denial:

> This is in response to your request for a Compassionate Release/Reduction in Sentence (RIS) based on the criteria for extraordinary or compelling circumstances.
>
> A thorough review of your request was completed based on the information that you provided and based on our findings, we will not be pursuing a request for Compassionate Release on your behalf. Program Statement 5050.50, Compassionate Release/Reduction in Sentence: Procedures for Implementation of 18 U.S.C. §§ 3582(c)(l)(A) and 4205(g), indicates inmates who fit the criteria for extraordinary or compelling circumstances which could not reasonably have been foreseen by the court at the time of sentencing. A review of your last comprehensive medical summary indicates your condition(s) is not to a point where you possess cognitive or physical limitations which substantially diminish your ability to function in a correctional facility.
>
> Accordingly, you are not an appropriate candidate for RIS at this time. If you are dissatisfied with this response, you may file an appeal pursuant to Program Statement 1330.18, Administrative

4

Remedy Program, within 20 calendar days of the date of this response.

Dkt. 223 at 4.[1]

## A. White Failed To Comply With § 3582(c)(1)(A)

White has not filed an administrative appeal of this decision and has therefore not "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf" as required by § 3582(c)(1)(A). He fails to meet the threshold eligibility requirement to move the Court for compassionate release. Instead, White filed the instant motion on October 4, 2019, which was 24 days *before* the decision denying his request was issued.

## B. White Does Not Qualify For Relief Under § 3582(c)(1)(A)(i)

Even if White had properly moved this Court for relief, and this Court still had jurisdiction to entertain his request (which it does not), the relief he seeks is discretionary. *Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 (1979) ("There is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence.").

With respect to the merits, "the First Step Act did not change the standards for compassionate release. Relief is available where the proposed sentence reduction

---

[1] Pursuant to BOP's Prisons' Program Statement 5050.50, "when an inmate's request is denied by the Warden, the inmate will receive written notice and a statement of reasons for the denial. The inmate may appeal the denial through the Administrative Remedy Procedure (28 C.F.R. § 542, subpart B)." Pursuant to 28 C.F.R. § 542.15(a), an inmate may appeal a Warden's decision to the Regional Director within 20 calendar days of the date the Warden signed the response.

is supported by: (1) 'extraordinary and compelling reasons;' (2) 'applicable policy statements issued by the Sentencing Commission[;]' and (3) 'the factors set forth in [18 U.S.C. §] 3553(a).'" *United States v. Willis*, No. 15 CR 3764, 2019 WL 2403192, at *2 (D.N.M. June 7, 2019).

In application note 1 to Guideline § 1B1.13, the Commission set forth several circumstances that may warrant "extraordinary and compelling reasons" for a sentence reduction, including a medical condition, defendant's age, defendant's family circumstances, or other reasons. Section 1B1.13(B)(2) sets forth the Sentencing Commission Policy on sentence reductions, which addresses community safety. *See* Guideline § 1B1.13(b)(2) ("The defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g).").

The factors set forth in Section 3553(a) include the nature and circumstances of the offense, the history and characteristics of the defendant, and the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense, to afford adequate deterrence to criminal conduct, to protect the public from further crimes of the defendant, and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

In addition, the Bureau of Prisons has published a Program Statement to describe the factors it evaluates to implement compassionate release/reductions in sentences: *See* BOP Program Statement Number 5050.50 dated January 17, 2019 available at https://www.bop.gov/policy/progstat/5050_050_EN.pdf. These factors

overlap with those set forth in Section 3553(a), and are appropriate for the Court to consider in ruling on defendant's motion for compassionate release:

- Nature and circumstances of the inmate's offense;
- Criminal history;
- Comments from victims;
- Unresolved detainers;
- Supervised release violations;
- Institutional adjustment;
- Disciplinary infractions;
- Personal history derived from the PSR;
- Length of sentence and amount of time served;
- Inmate's current age;
- Inmate's age at the time of offense and sentencing;
- Inmate's release plans (employment, medical, financial); and
- Whether release would minimize the severity of the offense.

Here, several factors strongly weigh against compassionate release for White. First, with regard to the nature and circumstances of defendant's offense, White was convicted of threatening a juror, a serious crime that goes to the heart of the criminal justice system. *See, e.g., Rodriguez-Aguirre v. Hudgins*, 739 F. App'x. 489, 491 (10th Cir. 2018) (affirming BOP's denial of compassionate release in light of the seriousness of defendant's offense). His criminal history is extensive, involving multiple additional convictions for threatening conduct that took place *after* he was convicted in this case. *See generally* Ex. 1.

White seeks release based on his stated medical conditions, primarily his alleged PTSD condition. However, "[i]n exercising discretion under § 3553(a) and the First Step Act, most courts treat compassionate release due to medical conditions [a]s . . . a rare event." *Willis*, 2019 WL 2403192, at *3 (internal quotation marks omitted). As properly found by the Warden, White's alleged PTSD issues do not rise to the

7

"extraordinary and compelling reasons" sufficient to warrant a reduction contemplated by the First Step Act and instead are properly addressed by the BOP.

In light of defendant's failure to exhaust his administrative remedies, along with his offense conduct, criminal history, and age, the Court should deny defendant's motion.

## III.    Conclusion

This Court's jurisdiction over defendant White ended over 20 months ago when his sentence in this case concluded. Even if there were still jurisdiction, White has failed to exhaust his administrative remedies as required by 18 U.S.C. § 3582(c)(1)(A)(i). Finally, the discretionary denial of his request for compassionate release by the BOP was reasonable. White's motion should be dismissed.

Respectfully submitted,

JOHN R. LAUSCH, JR.
United States Attorney

By:    _/s/ William R. Hogan, Jr._
WILLIAM R. HOGAN, JR.
Assistant United States Attorney
219 South Dearborn Street, 5th Floor
Chicago, Illinois 60604
(312) 353-3500

# EXHIBIT 1

```
CCCAA  540*23  *              SENTENCE MONITORING         *      12-10-2019
PAGE 001        *              COMPUTATION DATA            *      11:34:18
                               AS OF 12-10-2019


REGNO..: 13888-084 NAME: WHITE, WILLIAM A


FBI NO...........: 943081CB5            DATE OF BIRTH: 05-29-1977  AGE:  42
ARS1.............: MAR/A-DES
UNIT.............: I                    QUARTERS.....: I03-013L
DETAINERS........: NO                   NOTIFICATIONS: NO

HOME DETENTION ELIGIBILITY DATE: 03-22-2037

THE FOLLOWING SENTENCE DATA IS FOR THE INMATE'S CURRENT COMMITMENT.
THE INMATE IS PROJECTED FOR RELEASE:  09-22-2037 VIA GCT REL


---------------------CURRENT JUDGMENT/WARRANT NO: 020 ------------------------

COURT OF JURISDICTION...........: VIRGINIA, WESTERN DISTRICT
DOCKET NUMBER...................: DVAW708CR000054-001
JUDGE...........................: TURK
DATE SENTENCED/PROBATION IMPOSED: 04-14-2010
DATE SUPERVISION REVOKED........: 09-12-2012
TYPE OF SUPERVISION REVOKED.....: REG
DATE COMMITTED..................: 11-09-2012
HOW COMMITTED...................: COMMIT OF SUPERVISED REL VIOL
PROBATION IMPOSED...............: NO


                 FELONY ASSESS  MISDMNR ASSESS  FINES       COSTS
NON-COMMITTED.: $300.00         $00.00          $00.00      $00.00

RESTITUTION...: PROPERTY:  NO  SERVICES:  NO       AMOUNT: $00.00

---------------------CURRENT OBLIGATION NO: 010 ---------------------------
OFFENSE CODE....: 121    18:875 EXTORTION
OFF/CHG: 18:875(C) INTERSTATE COMMUNICATION OF A THREAT TO INJURE(2 CTS
        18:1512(B)(1) TAMPERING WITH A WITNESS; (SRT VIOL)

 SENTENCE PROCEDURE.............: SUPERVISED RELEASE VIOLATION PLRA
 SENTENCE IMPOSED/TIME TO SERVE.:   10 MONTHS
 DATE OF OFFENSE................: 03-22-2007

---------------------CURRENT JUDGMENT/WARRANT NO: 030 ------------------------

COURT OF JURISDICTION...........: ILLINOIS, NORTHERN DISTRICT
DOCKET NUMBER...................: 08-CR-851
JUDGE...........................: ADELMAN




G0002      MORE PAGES TO FOLLOW . . .
```

```
CCCAA  540*23 *            SENTENCE MONITORING        *      12-10-2019
PAGE 002         *            COMPUTATION DATA          *      11:34:18
                               AS OF 12-10-2019


REGNO..: 13888-084 NAME: WHITE, WILLIAM A


DATE SENTENCED/PROBATION IMPOSED: 02-20-2013
DATE COMMITTED...................: 05-03-2013
HOW COMMITTED....................: US DISTRICT COURT COMMITMENT
PROBATION IMPOSED................: NO


               FELONY ASSESS  MISDMNR ASSESS  FINES        COSTS
NON-COMMITTED.: $100.00       $00.00          $00.00       $00.00

RESTITUTION...: PROPERTY:  NO  SERVICES:  NO       AMOUNT: $00.00

------------------------CURRENT OBLIGATION NO: 010 -------------------------
OFFENSE CODE....:  580     18:373 SOLICIT COMMIT VIOL
OFF/CHG: 18:373, 1503 SOLICITATION TO COMMIT CRIME OF
         VIOLENCE/INFLUENCING JUROR, CT-1

 SENTENCE PROCEDURE.............: 3559 PLRA SENTENCE
 SENTENCE IMPOSED/TIME TO SERVE.:   42 MONTHS
 TERM OF SUPERVISION............:    3 YEARS
 RELATIONSHIP OF THIS OBLIGATION
  TO OTHERS FOR THE OFFENDER....: C/C TO 08-CR-54
 DATE OF OFFENSE................: 10-11-2008

---------------------CURRENT JUDGMENT/WARRANT NO: 040 ----------------------

COURT OF JURISDICTION..........: VIRGINIA, WESTERN DISTRICT
DOCKET NUMBER..................: DVAW713CR000013-001
JUDGE..........................: TURK
DATE SENTENCED/PROBATION IMPOSED: 05-01-2014
DATE COMMITTED.................: 01-09-2015
HOW COMMITTED..................: US DISTRICT COURT COMMITMENT
PROBATION IMPOSED..............: NO


               FELONY ASSESS  MISDMNR ASSESS  FINES        COSTS
NON-COMMITTED.: $400.00       $00.00          $00.00       $00.00

RESTITUTION...: PROPERTY:  NO  SERVICES:  NO       AMOUNT: $00.00










G0002       MORE PAGES TO FOLLOW . . .
```

```
CCCAA  540*23 *              SENTENCE MONITORING         *   12-10-2019
PAGE 003          *             COMPUTATION DATA          *   11:34:18
                                AS OF 12-10-2019


REGNO..: 13888-084 NAME: WHITE, WILLIAM A


-----------------------CURRENT OBLIGATION NO: 010 -------------------------
OFFENSE CODE....:  121     18:875 EXTORTION
OFF/CHG: 18:875(B) EXTORTION BY INTERSTATE COMMUNICATION, CT- 1, 3, & 4
         18:875(C) THREAT BY INTERSTATE COMMUNICATION, CT-2


  SENTENCE PROCEDURE............: 3559 PLRA SENTENCE
  SENTENCE IMPOSED/TIME TO SERVE.:   92 MONTHS
  TERM OF SUPERVISION...........:    3 YEARS
  RELATIONSHIP OF THIS OBLIGATION
   TO OTHERS FOR THE OFFENDER....: C/S
  DATE OF OFFENSE................: 05-27-2012

--------------------CURRENT JUDGMENT/WARRANT NO: 050 -----------------------

COURT OF JURISDICTION..........: FLORIDA, MIDDLE DISTRICT
DOCKET NUMBER..................: 6:13-CR-304-ORL-28GL
JUDGE..........................: ANTOON
DATE SENTENCED/PROBATION IMPOSED: 11-21-2014
DATE COMMITTED.................: 01-09-2015
HOW COMMITTED..................: US DISTRICT COURT COMMITMENT
PROBATION IMPOSED..............: NO

                 FELONY ASSESS  MISDMNR ASSESS   FINES         COSTS
NON-COMMITTED.:  $500.00        $00.00          $00.00         $00.00

RESTITUTION...:  PROPERTY:  NO  SERVICES:  NO      AMOUNT:  $00.00

-----------------------CURRENT OBLIGATION NO: 010 -------------------------
OFFENSE CODE....:  899     OTHER/UNCLASSIFIABLE
OFF/CHG: 18:875(B) & 2 EXTORTION BY INTERSTATE COMMUNICATION CT 1
         18:875(B) & 2 EXTORTION BY INTERSTATE COMMUNICATION CT 2 - 5


  SENTENCE PROCEDURE............: 3559 PLRA SENTENCE
  SENTENCE IMPOSED/TIME TO SERVE.:  210 MONTHS
  TERM OF SUPERVISION...........:    3 YEARS
  RELATIONSHIP OF THIS OBLIGATION
   TO OTHERS FOR THE OFFENDER....: C/S
  DATE OF OFFENSE................: 05-19-2012






G0002      MORE PAGES TO FOLLOW . . .
```

```
CCCAA  540*23 *            SENTENCE MONITORING        *    12-10-2019
PAGE 004        *            COMPUTATION DATA          *    11:34:18
                               AS OF 12-10-2019


REGNO..: 13888-084 NAME: WHITE, WILLIAM A



------------------------CURRENT COMPUTATION NO: 020 ------------------------

COMPUTATION 020 WAS LAST UPDATED ON 04-12-2018 AT DSC AUTOMATICALLY
COMPUTATION CERTIFIED ON 04-12-2018 BY DESIG/SENTENCE COMPUTATION CTR

THE FOLLOWING JUDGMENTS, WARRANTS AND OBLIGATIONS ARE INCLUDED IN
CURRENT COMPUTATION 020: 020 010, 030 010, 040 010, 050 010

DATE COMPUTATION BEGAN..........: 09-12-2012
AGGREGATED SENTENCE PROCEDURE...: AGGREGATE GROUP 800 PLRA
TOTAL TERM IN EFFECT............:  349 MONTHS      8 DAYS
TOTAL TERM IN EFFECT CONVERTED..:   29 YEARS     1 MONTHS       8 DAYS
AGGREGATED TERM OF SUPERVISION..:    3 YEARS
EARLIEST DATE OF OFFENSE........: 03-22-2007

JAIL CREDIT.....................:  FROM DATE    THRU DATE
                                   03-17-2011   04-21-2011
                                   06-08-2012   09-11-2012


TOTAL PRIOR CREDIT TIME.........: 132
TOTAL INOPERATIVE TIME..........: 0
TOTAL GCT EARNED AND PROJECTED..: 1356
TOTAL GCT EARNED................: 363
STATUTORY RELEASE DATE PROJECTED: 09-22-2037
EXPIRATION FULL TERM DATE.......: 06-09-2041
TIME SERVED.....................:    7 YEARS      7 MONTHS       9 DAYS
PERCENTAGE OF FULL TERM SERVED..:  26.1

PROJECTED SATISFACTION DATE.....: 09-22-2037
PROJECTED SATISFACTION METHOD...: GCT REL

REMARKS.......: AGGREGATED TIE:349 MONTHS & 8 DAYS
                10-18-17 15D DISGCT.F/PMM
                04-12-18: J/C APPLIED TO COMP(03-17-11 TO 04-21-11)FOR PRIOR
                GCT CHANGE(EXPUNGEMENT).F/STH.









G0002       MORE PAGES TO FOLLOW . . .
```

```
CCCAA  540*23  *            SENTENCE MONITORING         *     12-10-2019
PAGE 005          *            COMPUTATION DATA            *     11:34:18
                              AS OF 04-21-2011


REGNO..: 13888-084 NAME: WHITE, WILLIAM A


FBI NO..........: 943081CB5           DATE OF BIRTH: 05-29-1977  AGE:  42
ARS1............: MAR/A-DES
UNIT............: I                   QUARTERS.....: I03-013L
DETAINERS.......: NO                  NOTIFICATIONS: NO

HOME DETENTION ELIGIBILITY DATE: 01-12-2011

THE FOLLOWING SENTENCE DATA IS FOR THE INMATE'S PRIOR COMMITMENT.
THE INMATE WAS SCHEDULED FOR RELEASE:  04-21-2011 VIA GCT REL


------------------------PRIOR JUDGMENT/WARRANT NO: 010 ------------------------

COURT OF JURISDICTION...........: VIRGINIA, WESTERN DISTRICT
DOCKET NUMBER...................: DVAW708CR000054-001
JUDGE...........................: TURK
DATE SENTENCED/PROBATION IMPOSED: 04-14-2010
DATE COMMITTED..................: 04-28-2010
HOW COMMITTED...................: US DISTRICT COURT COMMITMENT
PROBATION IMPOSED...............: NO


                 FELONY ASSESS  MISDMNR ASSESS  FINES        COSTS
NON-COMMITTED.: $300.00        $00.00          $00.00       $00.00

RESTITUTION...: PROPERTY: NO  SERVICES: NO       AMOUNT: $00.00

-------------------------PRIOR OBLIGATION NO: 010 -------------------------
OFFENSE CODE....: 121    18:875 EXTORTION
OFF/CHG: 18:875(C) INTERSTATE COMMUNICATION OF A THREAT TO INJURE(2 CTS
        18:1512(B)(1) TAMPERING WITH A WITNESS;

 SENTENCE PROCEDURE.............: 3559 PLRA SENTENCE
 SENTENCE IMPOSED/TIME TO SERVE.:     30 MONTHS
 TERM OF SUPERVISION............:     36 MONTHS
 NEW SENTENCE IMPOSED...........:     33 MONTHS
 BASIS FOR CHANGE...............: COURT ORDER MODIFYING SENTENCE
 DATE OF OFFENSE................: 03-22-2007




G0002      MORE PAGES TO FOLLOW . . .
```

```
CCCAA  540*23 *              SENTENCE MONITORING           *    12-10-2019
PAGE 006 OF 006 *              COMPUTATION DATA             *    11:34:18
                             AS OF 04-21-2011


REGNO..: 13888-084 NAME: WHITE, WILLIAM A



-------------------------PRIOR COMPUTATION NO: 010 -------------------------

COMPUTATION 010 WAS LAST UPDATED ON 06-17-2016 AT DSC AUTOMATICALLY
COMPUTATION CERTIFIED ON 06-17-2016 BY DESIG/SENTENCE COMPUTATION CTR

THE FOLLOWING JUDGMENTS, WARRANTS AND OBLIGATIONS ARE INCLUDED IN
PRIOR COMPUTATION 010:   010 010

DATE COMPUTATION BEGAN..........: 04-14-2010
TOTAL TERM IN EFFECT............:   33 MONTHS
TOTAL TERM IN EFFECT CONVERTED..:    2 YEARS       9 MONTHS
EARLIEST DATE OF OFFENSE........: 03-22-2007

JAIL CREDIT.....................:    FROM DATE     THRU DATE
                                     10-17-2008    09-18-2009
                                     09-23-2009    04-13-2010

TOTAL PRIOR CREDIT TIME.........: 540
TOTAL INOPERATIVE TIME..........: 0
TOTAL GCT EARNED AND PROJECTED..: 93
TOTAL GCT EARNED................: 93
STATUTORY RELEASE DATE PROJECTED: 04-21-2011
EXPIRATION FULL TERM DATE.......: 07-23-2011
TIME SERVED.....................:    2 YEARS       5 MONTHS      29 DAYS
PERCENTAGE OF FULL TERM SERVED..:  90.7

ACTUAL SATISFACTION DATE........: 04-21-2011
ACTUAL SATISFACTION METHOD......: GCT REL
ACTUAL SATISFACTION FACILITY....: DSC
ACTUAL SATISFACTION KEYED BY....: STH

DAYS REMAINING..................: 93
FINAL PUBLIC LAW DAYS...........: 0

                    AMENDED J/C (DATED 10-23-2012) WITH NEW TIE 33 MONTHS
                    1 DAY OVER-SERVED







G0000      TRANSACTION SUCCESSFULLY COMPLETED
```